| | |
|---|---|
| **DENEEN L. MONTGOMERY-SMITH,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-6369** |
| **LOUISIANA DEPARTMENT OF**<br>**HEALTH AND HOSPITALS, ET AL.,**<br>    Defendants | **SECTION: "E"(3)** |

## ORDER AND REASONS

Before the Court is a Motion for Judgment Notwithstanding the Verdict filed by Plaintiff, Deneen Montgomery-Smith.[1] The motion is opposed.[2] The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record, and the applicable law, the Court **DENIES** the motion.

## BACKGROUND

Plaintiff Deneen Montgomery-Smith is an African-American female who is more than 40 years old, has more than 25 years of experience with the State of Louisiana, and has more than 12 years of experience with the Louisiana Department of Health and Hospitals ("DHH"). In her underlying compliant, Plaintiff alleged she worked at the DHH-Office of the Bureau of Protective Services and was promoted to the position of APS Supervisor on March 30, 2004, where she worked until July 30, 2007. On this date, Plaintiff alleged she was transferred without her agreement to the DHH-Office of Public Health after she filed an EEOC charge and a lawsuit for discrimination, retaliation, harassment, failure to promote, and denial of merit increases. The lawsuit was filed on April 13, 2007 in the Civil District Court for the Parish of Orleans. Plaintiff filed a second

---

[1] R. Doc. 119.
[2] R. Doc. 125.

lawsuit on October 24, 2008 in the U.S. District Court for the Eastern District of Louisiana.

According to Plaintiff, when she was removed to Vital Records, she was subjected to a hostile work environment through isolation and humiliation for a host of reasons.[3] In her complaint, Plaintiff contended that, although the lawsuits she filed in 2007 and 2008 were settled in 2011, she continued to be subjected to retaliation, isolation, and a hostile work environment at DHH.

On November 30, 2015, Plaintiff filed a complaint against Defendants, the State of Louisiana, through DHH, and against Devin George, Nadine Smith, and Darlene Warren-Smith in their individual and official capacities.[4] On May 15, 2016, Defendants filed a motion to dismiss Plaintiff's claims, which the Court granted in part and denied in part, leaving only: (1) Plaintiff's Title VII Retaliation claims against DHH based on acts occurring between May 30, 2014 and March 26, 2015; and (2) Plaintiff's Title VII Hostile Work Environment claim against DHH based on acts occurring prior to March 26, 2015. The case then proceeded to trial.

During the five-day trial, the jury heard testimony from several witnesses, including Plaintiff. On July 28, 2017, the jury entered a unanimous verdict in favor of Defendants, finding Plaintiff was not subjected to retaliation, discrimination, or a hostile work environment.[5] On August 17, 2017, Plaintiff filed the instant motion for judgment notwithstanding the verdict.[6]

---

[3] R. Doc. 23 at 5-8.
[4] R. Doc. 1. For the time periods covered, Darlene Warren-Smith was no longer a state employee and instead, was an independent consultant to DHH. *See* R. Doc. 23.
[5] *See* R. Docs. 102–107, 111.
[6] R. Doc. 119.

# DISCUSSION

The standard for granting judgment notwithstanding the verdict is a stringent one. As the Fifth Circuit has held,

> On motions for . . . judgment notwithstanding the verdict the Court should consider all of the evidence—not just that evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable [people] could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded [people] in the exercise of impartial judgment might reach different conclusions, the motions should be denied. . . . A mere scintilla of evidence is insufficient to present a question for the jury. The motion . . . for judgment notwithstanding the verdict should not be decided by which side has the better of the case, nor should they be granted only when there is complete absence of probative facts to support a jury verdict. There must be a conflict in substantial evidence to create a jury question. However, it is the function of the jury as the traditional finder of the facts, and not the Court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses.[7]

Thus, if there is substantial evidence to support the verdict, the challenge to it must be denied.[8] "Substantial evidence" means evidence of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions; a mere scintilla of evidence is insufficient.[9]

A party may move for a judgment notwithstanding the verdict only if the party first moved for judgment as a matter of law at the close of all evidence, before the verdict was rendered.[10] In this case, although Defendants made a Rule 50 motion for judgment as a

---

[7] *Boyle v. Pool Offshore Co.*, 893 F.2d 713, 715–16 (5th Cir. 1990) (citing *Boeing v. Shipman*, 411 F.2d 365, 374–75 (5th Cir. 1969) (en banc)).
[8] *Shipman*, 411 F.2d at 374, *overruled on other grounds by Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331 (5th Cir. 1997).
[9] *Id.*; *see also Maxey v. Freightliner Corp.*, 665 F.2d 1367, 1371 (5th Cir. 1982).
[10] *Douglas v. Dynmcdermott Petroleum Operations Co.*, No. 95-1967, 1996 WL 560018, at *1 (E.D. La. 1996).

matter of law at the close of Plaintiff's case-in-chief on July 27, 2017, Plaintiff did not make a similar motion before the jury's verdict was rendered.[11]

Courts have noted two exceptions to this prohibition in certain circumstances: (1) "where the original motion for judgment as a matter of law was made at the end of the plaintiff's case but not renewed at the close of all the evidence"; and (2) "where the moving party objected to the court's jury instructions on the grounds that there was no evidence to support a claim but failed to move for a directed verdict on that claim."[12] Because "a party who fails to move for judgment as a matter of law at the close of all evidence is foreclosed from [bringing] a post-verdict motion for judgment as a matter of law,"[13] and neither exception to this rule is applicable in this case, "the Court is foreclosed from considering the present motion for judgment."[14]

Even if Plaintiff had not waived her right to bring a Rule 50(b) motion for judgment notwithstanding the verdict, her argument in favor of the motion is not compelling. The moving party in a post-verdict motion as a matter of law bears a very heavy burden.[15] "If reasonable persons could differ in their interpretation of the evidence, then the motion should be denied."[16] In this case, the jury heard testimony from several witnesses over a five-day period. Although Plaintiff testified she was excluded from meetings and faced social isolation at work,[17] several other witnesses testified that Plaintiff was included during meetings and if she was not included, it was because she was not a member of the

---

[11] The Court notes that after the jury rendered its verdict in favor of Defendants, Plaintiff's counsel stated: "Your Honor, . . . Plaintiff[] would like to file for a motion notwithstanding the verdict." This statement was made too late. *See id.*
[12] *Id.* (citing *Hinojosa v. Terrell*, 834 F.2d 1223, 1228 (5th Cir. 1988)).
[13] *Id.*
[14] *Sanford v. Kostmayer Constr. Co.*, 891 F. Supp. 1201, 1204 (E.D. La. 1995)); *see also Flowers v. S. Reg'l Phys. Servs. Inc.*, 247 F.3d 229, 238 (5th Cir. 2001).
[15] *Thomas v. Tex. Dep't of Criminal Justice*, 220 F.3d 389, 392 (5th Cir. 2000).
[16] *Id.*
[17] R. Doc. 125-1.

committee that was meeting.[18] Other witnesses testified they did not perceive Plaintiff as being isolated.[19] Additionally, although Plaintiff testified she was passed over for promotions for retaliatory reasons, other witnesses testified to the contrary. For example, Devin George, Plaintiff's supervisor, provided the jury with nonretaliatory reasons as to why he promoted other applicants over Plaintiff.[20]

In sum, during the course of the trial, Defendants presented substantial evidence refuting Plaintiff's Title VII Retaliation and Hostile Work Environment claims against DHH. Thus, substantial evidence supports the jury's verdict in favor Defendants, and Plaintiff is not entitled to judgment as a matter of law.

Accordingly;

## CONCLUSION

**IT IS ORDERED** that Plaintiff Deneen Montgomery-Smith's Motion for Judgment Notwithstanding the Verdict[21] be and hereby is **DENIED**.

**New Orleans, Louisiana, this 27th day of November, 2017.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[18] R. Docs. 125-3, 125-4.
[19] R. Doc. 125-4.
[20] R. Doc. 125-2.
[21] R. Doc. 119.